# In the United States Court of Federal Claims

BID PROTEST
No. 17-1080C
(Filed: December 8, 2017)

| | |
|---|---|
| XPO LOGISTICS WORLDWIDE GOVERNMENT SERVICES, LLC, ) ) ) ) Plaintiff, ) ) v. ) ) THE UNITED STATES OF AMERICA, ) ) Defendant, ) ) and ) ) CROWLEY LOGISTICS, INC., ) ) Defendant-Intervenor. ) ) | Keywords: RCFC 62(c); Injunction Pending Appeal; Likelihood of Success on the Merits; Irreparable Harm; Bid Protest. |

*Frederick W. Claybrook, Jr.*, Claybrook LLC, Washington, DC, for Plaintiff. *Daniel R. Forman*, *Mark A. Ries*, *James G. Peyster*, and *Charles Baek*, Crowell & Moring LLP, Washington, DC, Of Counsel.

*Christopher L. Harlow*, Trial Attorney, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, Washington, DC, with whom were *Patricia M. McCarthy*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Chad A. Readler*, Principal Deputy Assistant Attorney General, for Defendant. *Robert D. Bowers*, *Willie J. McAlister*, and *Peter B. Ries*, Attorney-Advisors, Office of the Staff Judge Advocate, United States Transportation Command, and *Michael G. McCormack*, Trial Attorney, Air Force Legal Operations Agency, United States Air Force, Of Counsel.

*Kara M. Sacilotto*, Wiley Rein LLP, Washington, DC, for Defendant-Intervenor. *Rand L. Allen*, *Brian G. Walsh*, *Gary S. Ward*, and *Cara L. Lasley*, Wiley Rein LLP, Of Counsel.

**OPINION AND ORDER**

**KAPLAN, Judge.**

In August 2017, Plaintiff XPO Logistics Worldwide Government Services, LLC filed a bid protest in this court. On November 2, 2017, the Court issued an opinion and order denying XPO's motion for judgment on the administrative record and granting cross-motions for

judgment on the administrative record filed by the government and Defendant-Intervenor Crowley Logistics, Inc. On November 13, 2017, XPO appealed that decision. It has now also filed a motion for a limited stay of the Court's ruling while its appeal in this case and in an earlier bid protest concerning the same procurement are pending before the Federal Circuit. ECF No. 49. For the reasons set forth below, XPO's motion for a limited stay pending appeal is **DENIED**.

## BACKGROUND

The background of this case is set forth in detail in the Court's November 2, 2017 Opinion and Order. XPO Logistics Worldwide Gov't Servs., LLC v. United States (XPO II), No. 17-1080C, 2017 WL 5507902 (Fed. Cl. Nov. 2, 2017), appeal docketed, No. 18-1202 (Fed. Cir. Nov. 20, 2017). To briefly summarize, the United States Transportation Command (USTRANSCOM), a combatant command within the Department of Defense, issued a solicitation in March 2015 seeking proposals for a contract to provide transportation coordination services throughout the continental United States, Alaska, and Canada, as part of a new program entitled Defense Freight Transportation Services (DFTS). Id. at *1. The DFTS program and this contract were designed to replace a previous transportation program entitled Defense Transportation Coordination Initiative (DTCI), the contract for which is held by XPO. See id. at *1, *3.

After USTRANSCOM first awarded the DFTS contract, both XPO and Crowley protested before the Government Accountability Office (GAO), which ultimately sustained Crowley's protest. Id. at *1. The agency then reopened the competition and after new evaluations awarded the contract to Crowley. Id. at *2. XPO then filed another protest before GAO. Id. GAO sustained XPO's protest in part, with respect to USTRANSCOM's evaluation of past performance. Id. It recommended that the agency reevaluate past performance in accordance with the solicitation and its decision, which USTRANSCOM agreed to do. Id. Nevertheless, XPO then filed a bid protest in this court, asserting that the agency's proposed corrective action was not broad enough because it did not rectify other errors allegedly committed by USTRANSCOM, namely the agency's alleged failure to identify and address Crowley's supposedly unbalanced pricing. Id. Crowley filed its own bid protest, challenging the corrective action in its entirety. Id.

The Court rejected both XPO's and Crowley's protests and upheld the agency's proposed corrective action in a decision issued June 30, 2017. XPO Logistics Worldwide Gov't Servs., LLC v. United States (XPO I), 133 Fed. Cl. 162, appeal docketed, No. 17-2506 (Fed. Cir. Aug. 30, 2017). USTRANSCOM then conducted a reevaluation of the offerors' past performance in accordance with GAO's recommendation. See XPO II, 2017 WL 5507902, at *3. It did not solicit proposal revisions and did not conduct discussions with any offeror as part of this process. See id. at *2. In July 2017, USTRANSCOM again awarded the contract to Crowley. Id. at *7–*8. Shortly afterward, XPO again filed suit here, alleging, inter alia, that the agency engaged in misleading and unequal discussions with XPO regarding its past performance, that it arbitrarily and capriciously downgraded XPO's confidence assessment rating when it reevaluated past performance, and that it relied inappropriately upon Crowley's corporate experience in making its best value decision. Id. at *8.

The Court found no merit to XPO's protest. It concluded that because XPO was aware, prior to the agency's reevaluation and new award, that its past performance ratings would likely change and that the agency would not hold discussions, it had waived its discussions challenge under the waiver rule of Blue & Gold Fleet, LP v. United States, 492 F.3d 1308 (Fed. Cir. 2007) by not raising its challenge prior to award. Id. at *11–*12. It also concluded that, in any event, to the extent such claims were not waived, they lacked merit. Id. at *11. The Court also engaged in a detailed discussion of the agency's evaluation of XPO's past performance, and concluded that the record adequately supported the agency's conclusions. See id. at *13–*16. Finally, it found that the solicitation permitted USTRANSCOM to consider Crowley's corporate experience in its best value tradeoff. Id. at *16–*17.

On November 13, 2017, XPO filed a notice of appeal of the Court's decision.[1] ECF No. 48. On November 16, 2017, XPO moved for a limited stay pending appeal. ECF No. 49. It requests a stay of the Court's November 2017 decision as to "actual transition of traffic from XPO to Crowley, while allowing Crowley to continue to prepare for such transfers." XPO's Mot. for Limited Stay Pending Appeal (XPO's Mot.) at 2. XPO's motion has been fully briefed and the Court deems oral argument unnecessary.

## DISCUSSION

**I.     Legal Standard**

Rule 62(c) of the Rules of the Court of Federal Claims provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." It is well established that an injunction pending appeal is an "extraordinary" remedy. E.g., Telos Corp. v. United States, 129 Fed. Cl. 573, 575 (2016) (quotation omitted); Algese 2 s.c.a.r.l. v. United States, 128 Fed. Cl. 7, 9 (2016); see also Nken v. Holder, 556 U.S. 418, 428 (2009).

To determine whether to provide this extraordinary relief, the court must "assess[ the] movant's chances for success on appeal and weigh[] the equities as they affect the parties and the public." Standard Havens Prods., Inc. v. Gencor Indus., Inc., 897 F.2d 511, 513 (Fed. Cir. 1990) (quoting E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co., 835 F.2d 277, 278 (Fed. Cir. 1987)). This assessment involves the "flexible" consideration of four familiar factors: (1) whether the movant is likely to succeed on the merits; (2) whether the movant will likely suffer irreparable harm absent an injunction; (3) whether the injunction would substantially injure other interested parties; and (4) whether the public interest would be served by the injunction. Telos Corp., 129 Fed. Cl. at 575 (citing Akima Intra-Data, LLC v. United States, 120 Fed. Cl. 25, 27–28 (2015)); see also Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

---

[1] After the agency's reevaluation and its decision to again award the contract to Crowley, and after XPO filed its complaint in this case, XPO filed a notice of appeal as to the Court's June decision regarding the agency's proposed corrective action, which had by that time been completed. Notice of Appeal, XPO I, No. 17-452, ECF No. 64 (Fed. Cl. Aug. 25, 2017).

"[T]he . . . factors contemplate individualized judgments in each case, [and] the formula cannot be reduced to a set of rigid rules." Hilton v. Braunskill, 481 U.S. 770, 777 (1987). The court's flexibility, however, is not unlimited; at the very least, the movant must demonstrate a "substantial case on the merits," with "the other factors . . . tilt[ing] decidedly toward" the movant. E.g., Telos Corp., 129 Fed. Cl. at 575 (quotations omitted); see also Standard Havens, 897 F.2d at 513.

## II.  XPO's Motion

In its brief, XPO does not offer any persuasive reason for the Court to find that XPO is likely to succeed on the merits of its appeal of the Court's decision in this case. See XPO's Mot. at 3–6. Instead, XPO identifies what it believes were errors in the Court's decision in this case (and in the earlier bid protest which is also on appeal), asserts that the alleged errors it identifies raise "substantial issues on appeal," and then declares that the Court resolved the issues incorrectly. Id. It is not clear to the Court whether XPO may rely upon claimed errors in the first bid protest as grounds for an injunction pending appeal in this case. But in any event, the Court has already ruled against XPO on all of the claimed "substantial" issues it identifies and XPO makes little if any effort to convince the Court that any of its determinations, whether in this case or the earlier protest, are likely to be reversed on appeal. Accordingly, for the detailed reasons set out in its earlier decisions, the Court finds that XPO is not likely to succeed on the merits of its appeals. See Cleveland Assets, LLC v. United States, 133 Fed. Cl. 108, 111 (2017); see also Telos Corp., 129 Fed. Cl. at 575.

The Court also concludes that the balance of the equities does not favor a stay. As to irreparable harm, XPO argues that if the transition of sites from XPO to Crowley is allowed to continue pending XPO's appeals, then the volume of shipments under the DTCI contract will "decrease significantly" and it "will likely lose its carrier capacity." XPO's Mot. at 6. It asserts that these losses will "hinder XPO's ability to stay competitive in the commercial market." Id. XPO also alleges that it will lose "experienced personnel" and that it will lose profits. Id. at 7.

These asserted harms, however, are the expected results of the end of its DTCI contract and the transition to a new contract. The loss of incumbency (with its resulting economic effects) is not an irreparable harm sufficient for an injunction. CRAssociates, Inc. v. United States, 103 Fed. Cl. 23, 26 (2012) (noting that such "harms . . . are the sorts of things that any incumbent would experience upon the loss of a successor contract" and that "[i]f plaintiff is right that these typical types of harm warrant a stay pending appeal here, then such would be true for every incumbent who fails to obtain a successor contract"). This is particularly so where XPO has already lost on the merits and has failed to demonstrate even a substantial case on the merits of its appeal. See id.; see also Telos Corp., 129 Fed. Cl. at 578–79 (stating that such harms "are the unavoidable results of [a] contract coming to an end" and that "[a] bid protester who has lost its protest on the merits must show more than this to satisfy the irreparable harm factor, such as the prospect that it will be put out of business" (quotation omitted)); Akima Intra-Data, LLC, 120 Fed. Cl. at 28–29.

Finally, the other parties' interests and the public interest would be harmed by an injunction pending appeal. First, the Court has already ruled that the agency's award of the contract to Crowley was lawful. Therefore, an injunction pending appeal would prevent Crowley

from performing and receiving the benefits of a contract to which it is lawfully entitled. Second, USTRANSCOM determined in making its award that Crowley represents the best value to the government for DFTS. An injunction would therefore be contrary to the public interest because it would prevent the government from receiving the benefits and savings of the award to Crowley while the case is on appeal. See JWK Int'l Corp. v. United States, 49 Fed. Cl. 364, 370 (2001) (noting "a substantial public interest in allowing the government to proceed with contracts awarded, in a manner consistent with fair and open competition, to the contractor offering the best value"). Finally, suspending the transition from XPO to Crowley will be disruptive to both Crowley and the government and may ultimately require redundant steps and unnecessary expenses. See Munilla Constr. Mgmt., LLC v. United States, 130 Fed. Cl. 131, 136 (2016).

In sum, none of the factors to be considered in issuing an injunction pending appeal weighs in XPO's favor. XPO's motion, therefore, is **DENIED**.

## CONCLUSION

For the reasons set forth above, XPO's motion for a stay pending appeal is **DENIED**.

**IT IS SO ORDERED.**

        s/ Elaine D. Kaplan
        ELAINE D. KAPLAN
        Judge